# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

v.

KEVIN RASIN,

Defendant

)
)
)
)
)
)
)
)
)
)

I.D. No. 1009014476

Submitted: August 13, 2018
Decided: September 21, 2018

On Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**
On Defendant's Motion for Appointment of Counsel.
**DENIED.**

# ORDER

Maria T. Knoll, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Kevin Rasin, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 21st day of September, 2018, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

1.    On March 13, 2012 a jury found Kevin Rasin ("Defendant") guilty of Gang Participation, Murder First Degree, Attempted Murder Frist Degree, two counts of Conspiracy Second Degree, two counts of Possession of a Firearm by a Person Prohibited, and Possession of a Firearm During the Commission of a Felony.[1] The Supreme Court of

---

[1] *Taylor & Rasin v. State*, 76 A.3d 791, 796–97 (Del. 2013).

1

Delaware affirmed Defendant's conviction on direct appeal on September 25, 2013.[2]

2. Defendant filed his first Motion for Postconviction Relief *pro se* on September 18, 2014.[3] This Court ordered that counsel be appointed to represent Defendant.[4] Defendant's appointed counsel filed an amended motion for postconviction relief on October 31, 2016.[5] This Court denied Defendant's amended first motion for postconviction relief on November 17, 2017.[6] The Supreme Court of Delaware affirmed the denial of Defendant's amended first motion for postconviction relief on May 23, 2018.[7]

4. Defendant filed a *pro se* Second Motion for Postconviction Relief on August 13, 2018. In his Second Motion, Defendant raises eight (8) grounds for relief:

> 1. Ineffective Assistance of [Post Conviction] Counsel. During post conviction appeal proceeding, post conviction [counsel] failed to raise the claim that Juror #11 failed to acknowledge that she and a family member were victims of murder. [Counsel] raised said claim before the Delaware Superior Court. However he failed to argue this claim in the post conviction appeal thus failing to preserve this claim for future proceedings. Failure to preserve said issue amounted to Ineffective Assistance of Counsel.
> 2. Ineffective Assistance of Post Conviction Counsel. During post conviction proceedings [Counsel] failed to raise the claim of Constructive Denial of Counsel. [Counsel] raised said claim before the Delaware Superior Court. However he failed to argue this claim in the post conviction appeal. Thus failing to preserve this claim for future proceedings. Failure to preserve said issue amounts to Ineffective Assistance of Post Conviction Counsel.

---

[2] *Taylor & Rasin*, 76 A.3d at 797–800, 803 (holding that the Delaware gang participation statute was not unconstitutionally vague and that the Superior Court did not abuse its discretion in allowing a rap video to be played for the jury, among other issues).

[3] Order Denying Postconviction Relief, *State v. Rasin*, No. 1009014476, at 2 (Del. Super. Ct. Nov. 17, 2017), *aff'd*, 187 A.3d 1209 (Table), 2018 WL 2355941 (Del. 2018) (holding that failure to conduct additional inquiry into a juror's potential bias was not unreasonable, and that the jury was not improperly influenced by prosecutors' statements regarding witness' testimony).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 11.

[7] *Rasin v. State*, 187 A.3d 1209 (Table), 2018 WL 2355941, at *4 (Del. 2018).

3. Ineffective Assistance of [Post Conviction] Counsel. During post conviction proceedings [Counsel] failed to raise the claim of Ineffective Assistance of Counsel for the false representation of a report supposedly filed by the analyst that performed the DNA test.... [Counsel] raised said claim before the Delaware Superior Court. However he failed to argue this claim in the post conviction appeal. Thus failing to preserve this claim for future proceedings. Failure to preserve said issue amounts to Ineffective Assistance of Counsel.

4. Ineffective Assistance of [Post Conviction] Counsel. During post conviction proceedings [Counsel] failed to raise the claim of Ineffective Assistance of Counsel for trial counsel's failure to object to the state's use of co-defendants plea agreements. [Counsel] raised said claim before the Delaware Superior Court. However he failed to argue this claim in the post conviction appeal. Thus failing to preserve this claim for future proceedings. Failure to preserve said issue amounts to Ineffective Assistance of Counsel

5. Ineffective Assistance of Post Conviction Counsel. During post conviction proceedings [Counsel] failed to raise the claim of Ineffective Assistance of Counsel for the continuous [i]mproper [v]ouching by the prosecution team. [Counsel] raised said claim before the Delaware Superior Court. However he failed to argue this claim in the post conviction appeal. Thus failing to preserve this claim for future proceedings. Failure to preserve said issue amounts to Ineffective Assistance of Counsel

6. Plain Error Committed by Trial Court. After [*voir dire*] questioning Juror #11 came forward on February 14[,] 2012 to [n]otify the court[] that she[']d failed to inform them that she had a brother that was shot and killed. [S]he went on to inform the court[] that she[']d shared the information about her brother being murderen with a fellow juror. Once Juror 11 admitted talking to another [j]uror about her brother[']s murder, trial court should[']ve conducted further [*voir dire*] with the entire jury panel to satisfy whether [Defendant] had an impartial jury. [Defendant asserts] [t]he Supreme Court of Delaware has held "[i]f only one juror is improperly influenced a defendant in a criminal case is denied his sixth amendment right to an impartial jury.["] [no citation] The Court[']s failure to question the remaining jurors' ability to remain impartial amounted to plain error on its behalf.

7. Plain error Committed by Counsel. Trial Counsel committed plain error when he failed to raise the issue of [codefendant's] hearsay statements. A [coconspirator] to Gang Participation is not necessarily a conspirator to Murder. The State intentionally tied the gang participation charge to the Murder charge in an attempt to avoid the confrontation issue adopted by the Delaware Supreme

3

Court in 2000 [no citation]. Counsel failed to raise this issue, thus not preserving the issue for future proceedings.

8. Ineffective Assistance of Counsel. Counsel was Ineffective for failing to raise a clear double jeopardy violation. Counsel failed to raise the Gang Participation as a lesser included charge of Conspiracy under [11 *Del. C.* § 206(c)]. Charging [Defendant] with both Conspiracy 2nd and Gang Participation is a direct Double Jeopardy violation. Therefor[e] sentencing [Defendant] for both charges individually amounts to illegal sentencing.[8]

5. Furthermore, Defendant requests that this Court appoint him counsel and asks for an evidentiary hearing:

> [Defendant] moves for appointment of counsel to aid in forming this response in leave of court to supplement this response in a Memorandum of Law. [Defendant] also moves for an evidentiary hearing to establish matters outside the record in support of this response[.][9]

6. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[10] Rule 61 requires this Court address certain "preliminary considerations" prior to addressing any substantive issues raised in a postconviction motion.[11] Under Rule 61(i)(2), successive motions are barred unless the defendant satisfies the pleading requirements of 61(d)(2):

> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive . . . applies to the movant's case and renders the conviction . . . invalid.[12]

7. Neither exception to subsequent motions applies here. Defendant does not plead with particularity that new evidence exists, or that a new constitutional rule applies retroactively. Defendant acknowledges that atleast some of his present claims were "raised...before the Delaware

---

[8] Def.'s Second Mot. for Postconviction Relief, at 3–5.
[9] *Id.* at 3.
[10] Del. Super. Ct. Crim. R. 61(a)(1).
[11] Del. Super. Ct. Crim. R. 61(d).
[12] Del. Super. Ct. Crim. R. 61(d)(2)(i)&(ii).

Superior Court" in prior proceedings.[13] Defendant now merely asserts his postconviction counsel improperly handled the prior postconviction appeal. Defendant does not offer any new evidence that would create an inference—let alone a strong inference—that he is actually innocent in fact.

8. Accordingly, as Defendant has failed to overcome the preliminary procedural bar to successive motions for postconviction relief, Defendant's Second Motion for Postconviction Relief is summarily dismissed, as required by Rule 61(d)(2).

9. Additionally, Defendant's request for appointment of counsel is denied. The Court may appoint counsel for a defendant's second or subsequent postconviction motion only if "the judge determines the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d)[.]"[14] As discussed above, Defendant's motion fails to meet the pleading requirements of Rule 61(d)(2)(i) or (ii).

Therefore, Defendant's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED.** Defendant's Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc: Prothonotary
Investigative Services

---

[13] Def.'s Second Mot., at 3.
[14] Del. Super. Ct. Crim. R. 61(e)(5).

5